The next case called for oral argument is Robinson Township v. Estate of Wilson. Good morning, Your Honors. Counsel, Amanda Murphy for the Estate of Gary L. Wilson. In today's appeal, the Estate appeals from the Circuit Court's October 10, 2017 order, contending that the Circuit Court's October 10, 2017 judgments were entered without jurisdiction to alter or modify the 2012 EDA final judgments. At the crux of this issue is the difference between a motion to enforce and a motion to modify. Here on September 8, 2017, the Robinson Township filed a motion to modify disguised as a motion to enforce. And again, this difference between the motion to modify and the motion to enforce is a determining factor here. A motion to enforce is based on the inherent power of the Circuit Court based upon that final order that it has entered. Whereas a motion to modify is only based on 1203 because Section 1203 of the Code gives the court the jurisdiction to alter or modify its judgment within 30 days. The property description would be necessary for enforcement, wouldn't it? Agreed. It is. And the property description was amended to, was part of the second amended complaint or attached to that complaint. Is that correct? That is correct. So how is that a modification? It's not just the insertion of the legal description. That is at issue here. But that's one of the things that you do consider a sensitive issue, so perhaps that you can answer that. Okay. Yes, it is. It is one of the, it is one of those pieces of property, one piece that was not contained in either of the 2012 final judgments. The legal description was attached to the amended complaint. It was not referenced in either the order denying the motion to traverse in December of 2012. It was not referenced in the... The legal description, but the property was in the motion to traverse. Yes. In the motion to traverse, it was, yes, referenced. Nonetheless, the October 10, 2017 order also included new findings of fact, and it had also included new direction in orders. There, it included that Robinson Township has just made payment to the county treasurer, that Robinson Township was the lawful owner and may possess the property. It included that the treasurer must make payment to the estate, and it directed the county, the circuit court to file, and the circuit court clerk to record this order, the October 10, 2017 order. Were any of those in dispute? Are any of those in dispute? I'm sorry. That those were in the October 10 order? No. I'm asking you if any of those are in dispute. They were never in the scope of any of the orders prior to this October 10. Are they in dispute that those facts, that those alleged actions occurred? Yes, there is. This is in dispute that the actions occurred. So one, also, a major point that Robinson Township has misstated. Let me pursue that for a minute. You're saying that the allegations as to a recording payment, things like that, that you're saying those are factually in dispute and that they didn't happen, or they didn't happen that way? Correct. They were never in this, these proceedings prior to October 10. That's not what I'm asking. If you come in front of the circuit judge with a motion to enforce an order that has some history, has some time, one of the first things, logically, a circuit judge or an associate judge is going to ask is, what has happened since then that would affect the enforcement, either delay or inhibit or make the enforcement proceed? Given the current history, what has happened since then? Are these allegations of what has happened since then in factual dispute? The proceedings that have happened since the 2012 orders are not in factual dispute. The fact that the 2012 orders were final orders is not in factual dispute. So there's not a factual dispute here. There is no contention that the 2012 orders were final judgments of the EDA. The only issue before this court is whether the circuit court had the jurisdiction on October 10, 2017, to enforce or to modify its order to include omissions that were not in there. Enforcement and modification are two different things. Are you claiming the court did not have the power to enforce this order? No, courts have the power to enforce the order. We're not saying that the court did not have the power to enforce the order. What is being said is that the order did not contemplate future action. The order did not contemplate any other vesting of title or a Robinson Township's possession. The only thing that those 2012 final judgments contemplated was the valuation of the property. And that was the only thing. Now, a similar case is the Bradagno versus Republic Steel. And that case specifically discussed the difference between a motion to enforce and a motion to modify. And in that case, Bradagno had sued Republic Steel, who then third-partied in the Hunter, which was Bradagno's employer. And what happened in that case is that the parties had come together. All three of them had settled. So pursuant to that settlement, they had entered the court, and they had had an order of dismissal. Nowhere in that order of dismissal did the court retain jurisdiction to make future findings or to enforce the settlement. So the settlement fell through, and Bradagno came again in order to reinstate the case and to vacate this order. The judge entered a motion to enforce the settlement. Republic Steel and Hunter filed an appeal based on this, stating that the court did not have jurisdiction because the court did not retain the jurisdiction, and this order to enforce went beyond the four corners of the original order dismissing the case. Similar here, the October 10, 2017 order went well beyond the four corners of those 2012 judgments by commanding and by ordering different parties to make certain actions. So it actually ordered additional parties to, such as the treasurer and the circuit court clerk and the county clerk, to take additional actions that were never contemplated, that were never in the four corners of the 2012 final judgments. And that is why it is more of a motion, it's not more of a motion, it is a motion to modify, which can only be done pursuant to 735 ILCS 5-212-03. How do you enforce, how does a circuit judge enforce an order when it's obviously contested, when, without ordering actions by a party? Well, that could have been handled, again, by the motion to modify if it would have been filed within 30 days. I'm sorry, that's not what I asked. Okay. How does a circuit judge enforce an order in response to the motion to modify without ordering action that results in the enforcement of the order? It's inherent in a motion to enforce, isn't it? The ordering a party or both parties to do something. It is, Your Honor, absolutely. And again, that motion to enforce the inherent authority is based upon that final judgment and the four corners of the final judgment. And that is the difference between the motion to enforce that goes on, the inherent power, is the scope of that 2012 judgment. Here, the scope of the 2012 judgment, again, did not contemplate future action. It did not provide any of the actions that are in the 1010 order that are in the October 10th, 2017 order. And for that reason, it was entered without jurisdiction because it modified those final judgments that were entered five years before. Now, part of this also relies, and it's important for this Court to take into light this distinction, is that Robinson Township is attempting to argue that it made the payment prior to those 2012 orders. It says on page four of its appellee brief. It says on page six. It says on page five that it had paid the treasurer prior, previously paid. That is untrue, and that is a misstatement. The Robinson Township did not make any payment to the treasurer until April 20th, 2017. That is seen by the Court's own October 10th, 2017 order. There was no action contemplated in those 2012 judgments, which is why this October 10th, 2017 order is an order modifying the judgment and not enforcing the judgment. It has different elements, and it, again, this is also seen, and it can be distinguished in the case that is cited by the appellee, County of Cook. In County of Cook versus the Illinois Fraternal Board of Police, there was an order that was entered. Again, that order contemplated future action, and the Court had the ability to go in and to enforce the order due to that contemplated future action. In Directors of Insurance versus AA Midwest Rebuilders, there was a settlement between the plaintiff and the defendant. The plaintiff, which, again, fell through, and the germane to that case was the distinction between the modification and the enforcement. Now, the Court ultimately found here that based on the language that was included in that final order that stated the Court retained jurisdiction to enforce that settlement, that that was the future action, and that, therefore, the Court retained the jurisdiction to enforce that order. Here, there was no such language in the corners of those, in the corners of the 2012 judgments, and that is why it is more of a motion to modify as opposed to. Well, let me ask you this. You've got a determination of valuation of taking property. And so you've got that determination. That's a final judgment. Okay. What is the purpose of that valuation? Standing on its own without any further action by the parties or by a Court, isn't that a situation that inherently says you have a valuation for property taken under eminent domain? Now, act on it, resolve it, make the payment, whatever. Isn't it inherent in the nature of that order that it needs to be enforced? The estate would contend no because of the specific facts of this case. So as limited to this case, that 2012 final judgment only put in the valuation and did not do anything else subsequently. What goods valuation if there's no action to pay it? While those two determining factors pursuant to the EDA were decided, i.e., that the township had the authority and the valuation of the property, there is no order or any other action, any timely filed motion to modify, that prior to October 10th, 2017, would have given Robinson Township the ability to go in and take possession of the property, would have vested this. There is nothing in those orders that gives it otherwise. Whether Robinson Township wished to act upon its valuation and pay that money prior to, it could have gone in and it could have done, did a motion to modify that final pursuant to 1203 prior to September 20th. What is the conclusion with an order like this? What do you want us to do? We want this court to vacate the October 10th, 2017 order as being void. It's being entered without. So then what happens? You have a valuation and you have an order for eminent domain. It's in perpetual limbo. Yeah. No, it's not in perpetual limbo. I agree. That's what it would seem to stand. That's what you're asking us to do. Your Honor, we're asking this court to say, which it already has and there's no dispute, that those 2012 orders were final and that this October 10th, 2017, the court lost jurisdiction because it was entered five years after those final judgments, which pursuant to 1203 is untimely. It would be if it were a motion to modify. If we determine that those acts were part of enforcing the original judgment, then it's appropriate. Absolutely. That is absolutely correct. And what is more is that it is going to be seen that the only inherent power in those 2012 was the valuation of the property and had nothing to do and additional findings cannot be inserted into those. I'm sorry. So you're recommending that if we set aside that October order, are you saying now Robinson has to file a new action? That would be up to Robinson. No, but how does Robinson Township get possession? And how does your client get paid? Well, Robinson Township would have to begin the proceedings anew. Why? They've already been found to be appropriate. There's already been an appeal on that. Yes, it has. Those two issues have been decided.  However, it has not been the judicial right. Somebody's got to pay and somebody's got to take possession. Do you think this court could – so what you're saying is that the technical violation of the earlier order is that someone didn't say, and the court retains jurisdiction, right? To enforce. To enforce. I don't believe that that was a technical violation. It just was not in the end of the 2012. What you're saying is the court can't act because that particular language was not in there. We are saying that the court cannot act because no 1203 motion to modify was filed, which would have – You're taking the position this is a modification. What if you see hypothetically that this is a motion to enforce? Hypothetically. I know what your position is. The only way this, in your mind, hypothetically could be a motion to enforce is if the magic language was in there. Is that what you're arguing? I think, actually, she's arguing that they had to – the court had to put the identification of the property in there and the determination of compensation, the date by which the township had to pay, to whom to pay, and a statement as to when and how the title would vest. All of that. All of that. Well – What's your claim? What does Justice Chandler want? We're claiming that the motion to enforce cannot be used to supply omissions of findings of theft in directions. Okay, let's answer our question. I think you have it because these are what you pled were not adjudicated in the 2012 judgment, correct? Correct. This list is from your allegations. So you're saying that the only way these can be addressed now is through a motion to modify and they are not part of enforcing the original judgment. Yes. Including the identification of the property, which everybody knows was the property because it was in the amended complaint. Yes. So all that language has to be in the final judgment, even though without that, if we take your position, it's in limbo. Nothing happens with property that has been condemned with evaluation. Nothing can happen. The list is from – the list of the elements that were not contained in the 2012 is not from the prior appeal. It is from what was included in the October 10, 2017 order that was entered five years after. I'm aware of that. And that's – it's not – again – Those are things that you say are extrajudicial and without jurisdiction authority, correct? Yes. And those are the things that you say should have been in the original judgment in order to make it an enforcement. Because they weren't there, it's improperly a petition to modify. Correct. Okay. Could you please tell me what case you're relying on specifically for your argument that a court cannot enforce as it did and that also the motion or the order must contain all of the elements cited by Justice Chappell? So there are a few cases. And those cases were the Directors of Insurance versus the A&A Midwest Rebuilders. May I finish? I'm going to let you answer that. I just want to put up my notes, please. Okay. What is in them? The Directors of Insurance. Directors of Insurance. Versus A&A Midwest Rebuilders. And that is cited – That's okay. It's in the brief. Yes, it is in the brief. And where's the other one? Verdano versus Republic Steel. Still there? Still B-R-I-G-D-A-N-O versus Republic Steel Corporation, which was also cited in both our appellant and our reply brief. And in your judgment, those two cases would support your claim for filing this appeal? Correct, Your Honor. They would because of the distinction there made between the motion to enforce that relies on the authority. I'm sorry to interrupt, but I'm looking for the case that specifically says that a court order must contain the kind of language, or if it doesn't, the court raises jurisdiction. Those are those cases. The Directors of Insurance versus A&A Midwest Rebuilders. Also, Verdano versus Republic Steel. Okay. Thank you very much. Thank you. Thank you, Counsel. Thank you. Counsel? May it please the Court. Counsel, my name is Heath Uppingham. I represent Robinson Township in this matter, and I suppose I should apologize at the beginning. My argument was really all based on questions that you have now asked to counsel. I will be repeating many of the same things that you were asking about. Well, let me interrupt you then. It's my tendency, and I apologize. Have you heard of the Directors of Insurance and the Verdagio case versus Republic Steel? Yes, Your Honor. And tell us why they do not support her position. Well, Your Honor, because those cases are, one, there's no case factually similar to this, first of all. There just isn't. There's no eminent domain case that says if the court doesn't specifically say you must make payment by this date, basically the condemner never walks on the property, because that's what the estate is arguing, essentially. And there's no case that says that at all. What those cases stand for is you can't modify the judgment after the fact. We agree with that. We're arguing we're not modifying or enforcing. We're not changing any of the terms with regard to the property, with regard to the price. The township isn't asking for any of that. What has happened here is the township determined, or the circuit court determined, if the township had the authority to condemn, they determined the price. Then we went through appeals, many appeals. This was first appeal on whether or not we can straighten the roadway, then appeal in the eminent domain case. Then it was appealed in the Supreme Court. The Supreme Court denied certification. And that's an important note here, because counsel, there's some argument about when the township paid. There is no argument on that. We agreed the township paid in early 2017. So the money has already been paid. The money was paid shortly after the Supreme Court denied certification, because that's when the township viewed the case as finally over. Okay, we pay. We can go onto the property. And the estate's position simply is, we got you. We got you, and we got the appellate court. When the appellate court said that it was a final appealable order as to the authority to condemn and the final price, you immediately walked. You could never come on the property, because you, court, can't do anything anymore. You can't say that you can come on the property, because you didn't say so back then. Well, the court, and again, this is the primary argument, and Your Honor was asking about it. The court set the price to be paid. That inherently assumes that that's going to be paid. And the township then, after the appeals process ended and the Supreme Court denied certification, the township paid the money. And counsel contacted counsel for the estate and said, hey, we paid the money. Can we enter this order? No, so we had to file the motion. And we went and said, all right, Judge, we've paid. Will you please enter this order, enforcing your previous judgment of the amount to be paid, because we've paid that amount now, and give it to them, knowing that they're going to demand statute says, once payment has been made, the taking is complete and now you're the owner. This is enforcement of the court's judgment. Has Robinson Township taken possession then? No, Your Honor. We stipulated that during this appeal process Robinson Township would not go straight in the roadway. There really isn't too much argument for me beyond that. It appears to me that it's a very, you know, again, as Your Honor's noted, the court in its judgments referred to the property. They didn't set out the full legal description of the property, but nobody's ever disputed what the full legal description of the property is. That is the property. With regard to the price, it is the price. There's no dispute now that that was what was to be paid. The order by the circuit court saying, hey, county clerk, Robinson Township has made payment. Please give it to the estate is an enforcement order. It simply is an enforcement order. There's nothing that's been changed. So unless the court has further questions. I don't believe we do. Thank you, counsel. Thank you, Your Honor. Counsel. Thank you again, Your Honor. There's a few brief points. Ms. Maurice, I have a question. Has the estate been paid? No, the estate has not been paid, Your Honor. They refused to accept it. Correct. The money was tendered. Tendered. Tendered to? The estate, as counsel indicated. Counsel indicated that the payment was made to the county treasurer. Oh, I'm sorry, I misunderstood. On April 20th, 2017. And that's because, did the estate refuse payment? The estate, it's not in the record, but the state, there was nothing in the order saying that it had. I just want to know if the estate refused tender of payment. The estate did not accept payment. Yes, the estate did not accept the payment. So they refused it. Yes. So in the face of time, if you answered that question initially. So, you know, counsel for the Robinson Township indicates that your cases merely talk about what is necessary for a motion to modify and that there's no case like this. Is that true? We would disagree, Your Honor. Obviously, we feel that the cases here are similar to the Bradogno case where, again, the court looked to those four corners of the proceedings. And it was even telling that the circuit court had asked whether or not the non-protonque in question whether or not that was available. Robinson Township stated that it was not, and that is because these omissions and the facts that are missing from those 2012 orders cannot be supplied by this non-protonque. But also, Robinson Township. But a non-protonque assumes that there's something to be corrected. Yes, a non-protonque assumes that there's something to be corrected. And in the 2012 orders, there was nothing that spoke. To be corrected, necessarily. Correct, because there was nothing that spoke to those additional elements that were added in the October 10th, 2017 order. Is there any question in your mind, because obviously you've put it, you think you've put it, that the parties did not know what property was at issue and that's why it had to be in the order? No. There was no, there was no, there's no dispute over the subject property. Then why did it have to be in the order? But what was in your list of things? Because that was a portion of the October 10th, 2017 order that was changed and modified from those, from those August 2012 orders. That distinction, that addition of additional information. In addition to... I think this started out with Justice Goldberg. She asked me, was there any dispute about the property? No, there's no dispute about the property. There's no dispute about the property. What dispute about a price awarded by the court? No. The dispute here is whether the court had, the district court had jurisdiction to enter an order modifying its 2012 judgment. Adding additional findings that were not in the October, the 2012 orders. Such as the vesting of title in Robinson Township. Such as directing the county treasurer to pay Robin, to pay the state of Gary Wilson. Such as a direction to the clerk of the circuit court to report the order. All of these findings and all of these, in addition to the finding that the payment, that Robinson Township made the payment to the county treasurer. All of these elements were not present in those 2012 orders. And this motion, the... Yes. So for the past eight years almost, the estate has held up the building of the road with appeals. Is that true? No, Your Honor, that is not true. What is not true about that? Not true is that it is not the estate who has held up anything. The issue that is on this appeal is whether the circuit court had the jurisdiction to enter that final order. There have already been appeals on the property, on the price. And now we're here on whether or not the court can enforce its own order. And it just seems to me that a township has been upheld, prevented from building a road for eight years because of court action. And I question whether this might be considered a frivolous appeal, to be honest with you. Your Honor, that Robinson Township, I will tell you that Robinson Township... May I finish? Yes, please. Robinson Township brought up a similar argument, and the circuit court actually said no, that the estate of Gary L. Wilson had valid concerns regarding the jurisdiction of the circuit court. And that is in the record that's on page R-96. And you can see where the circuit court even questioned its own jurisdiction to that regard. This is not about the estate. This is only about whether the circuit court had the jurisdiction to enter the October 10, 2017 order that added additional findings of fact and supplied additional direction that were not contained in the 2012 final judgments. The estate is not challenging the finality of those 2012 judgments. The estate is challenging whether the circuit court had jurisdiction as of October 10, 2017, five years post the entry of those final judgments. Could you please give me the citation to the court's discussion about the frivolous appeal again? It's R-96, Your Honor. R-96? Yes, I believe it is R-96. Thank you. Thank you, counsel. Thank you. We appreciate briefs and arguments. Counsel, we'll take the case under advisement, issue with disposition. In due course, we're going to take a short recess. The next case is Henry Estate of L.L.W. West, and after that, the last case on the morning docket is shut. Court's recess.